UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FONSO LAMONTE WIRES, | : | **CIVIL NO. 3:09-CV-0943** |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| B.A. BLEDSOE, Warden, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

Fonso Lamonte Wires, a federal prisoner who is now serving a sentence at the United States Penitentiary at Lewisburg, filed this 28 U.S.C. § 2241 petition on May 19, 2009. The respondent is the Warden of the Lewisburg Penitentiary.

The habeas corpus petitioner claims that he is being held in custody in violation of his federally protected rights in that, he asserts, he was committed to the institution's Special Management Unit ("SMU") on February 17, 2009 without a hearing. He asserts that he has a liberty interest for purposes of the Fourteenth Amendment in remaining in the general prison population. He asserts that his liberty interest was denied to him or taken from him without affording due process of the law to him. The petitioner also claims that his Eighth Amendment rights were

violated in that he has been forced to share a cell with another prisoner. He claims a violation of his First Amendment rights in that, as a Sunni Muslim, he is as a part of his religion instructed to attend Friday congregation service but is not permitted to attend. He claims, also, that his right of access to the courts is being denied. He claims that the totality of the conditions of his confinement violates his right to be free from cruel and unusual punishment.

The petitioner also filed a motion for "emergency" preliminary injunction for single cell and single recreation status. He restates his concerns for his safety, based upon hostilities against him from other SMU prisoners. He also filed a motion for "permanent" injunctive relief, asking for an order that will establish a secure room at the prison for the Friday Jumu'ah congregational prayers for Sunni Muslim inmates and for other activities and meetings, an order protecting the Sunni Muslim inmates in their month of Ramadan fasting and directing timely food preparation for these prisoners during that month and providing for Sunni Muslim inmates to attend the Eid ul Fitr celebration and group meal, and requiring that there be no further denial of specified writing and legal materials.

Additional motions for injunctive relief were filed on June 22, 2009. (Docs. 9, 10.)

On June 22, 2009, a response was filed to the petitioner's filings. (Doc. 11.) The respondent argues that this civil action should be dismissed because the action is a habeas corpus petition and because a section 2241 habeas corpus petition is not a form of action that may be used to challenge a restricted housing placement or to challenge conditions of confinement. The respondent argues, in the alternative, that the petition should be dismissed because the claims asserted in the petition were not presented and exhausted by the petitioner through the remedial process established by the institution and the Bureau of Prisons for such claims. Based upon the following reasons, we will recommend dismissal because this is not a set of claims that may be brought as a habeas corpus petition.

After this response to the petition was filed, the petitioner on June 29, 2009 filed a motion for a default judgment. (Doc. 12.) The respondent filed, on July 7, 2009, briefs in opposition to the petitioner's motions for preliminary and permanent injunctive relief. (Docs. 13, 14.) On July 14, 2009, the respondent filed a brief in opposition to the petitioner's motion for a default judgment. (Doc. 15.)

The respondent is not in default, having been directed by the Order of June 2, 2009 (Doc. 8) to file a response to the petition on or before June 22, 2009 and having filed a response to the petition on June 22, 2009, and accordingly the motion of the petitioner for a default judgment has no merit and should be denied.

> 28 U.S.C. § 2241(c) provides:
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>
>> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>>
>> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>>
>> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>>
>> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>>
>> (5) It is necessary to bring him into court to testify or for trial.

The petitioner here has brought claims that the conditions of his confinement are in violation of his rights. This is not a case involving a claim that he is not lawfully in custody because

his rights were violated in the course of his criminal trial. It is not a claim that falls within any of the descriptions in Section 2241(c) of uses to be made of the writ of habeas corpus.

The petition in this case should be dismissed because habeas corpus is not a proper vehicle for the petitioner to present his claims involving the conditions of his confinement.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), state prisoners who were deprived of good-conduct-time credits as a result of disciplinary proceedings brought suit under 42 U.S.C. § 1983 seeking injunctive relief to compel the restoration of their good-conduct-time credits. The question before the Supreme Court was whether a state prisoner may seek such relief through a § 1983 action even though the federal habeas corpus statute provides a specific federal remedy. *Id*. at 477. The Court stated that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id.* at 484. The prisoners' claims fell squarely within this traditional scope of habeas corpus: "They alleged that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal confinement, i.e. that once their conditional-release date had passed, any further detention

5

of them in prison was unlawful; and they sought restoration of those good-time credits, which, by the time the District Court ruled on their petitions, meant their immediate release from physical custody." *Id.* at 487. The court was concerned that the prisoners would evade the habeas exhaustion of state court remedies requirement if they were allowed to bring their claims for restoration of good-conduct-time credit in a § 1983 action. The Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

The Court in *Preiser* noted that habeas corpus may be available to challenge prison conditions. *Id.* at 499 (citing *Johnson v. Avery,* 393 U.S. 483 (1969) and *Wilwording v. Swenson* 404 U.S. 249 (1971)); *See also Bell v. Wolfish*, 441 U.S. 520, 527 n.6 (1979)("[w]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). However, the Court went on to state that it need not "explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983" because that question was not before the Court. *Id.* at 500.

6

In this case, the petitioner is not challenging his conviction or the very fact or duration of his physical imprisonment and he is not seeking a determination that he is entitled to immediate release or a speedier release from imprisonment. This case is not within the core or traditional scope of habeas corpus, which is a challenge to the very fact or duration of physical imprisonment and which involves relief in the form of the immediate release or a speedier release from that imprisonment. Rather, it can be said that this case is within the core or traditional scope of a *Bivens*[1] action, which in the context of prisoner litigation involves a challenge to conditions and incidents of confinement, and which traditionally involves relief in the form of monetary damages or an injunctive order to prison officials to change conditions or both.

The Third Circuit Court of Appeals in *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993) discussed the uses by a prisoner of habeas corpus and of 42 U.S.C. § 1983, holding there that habeas corpus, not Section 1983, had to be used by a prisoner asserting a claim of an altered criminal trial transcript. There, where the prisoner sought release from custody and where the grounds involved events in the criminal process, the Court held

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

7

habeas corpus to be the required form of action because the validity of the criminal conviction was necessarily at issue. *See also, Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (discussing the purposes of habeas actions and civil rights actions and stating that "[t]here is only a narrow subset of actions that arguably might properly be brought as either, that is, where the deprivation of rights is such that it necessarily impacts the fact or length of detention.").

The petitioner's motions for injunctive relief do not implicate the petitioner's criminal convictions, nor do they seek release from confinement. They seek release from, or alteration of, some of the particular restraints or conditions of his confinement. These motions should be denied for the reason that these kinds of claims must be brought in a civil action complaint based upon the *Bivens* case providing to a federal prisoner the same right to challenge conditions of confinement allegedly in violation of the prisoner's federally protected rights as a state prisoner has pursuant to 42 U.S.C. § 1983.

Based on the foregoing, it is recommended that the petitioner's motions for injunctive relief (Docs. 3, 4, 9, 10) and for a default judgment (Doc. 12) be denied, that the petition for

a writ of habeas corpus (Doc. 1) be denied and that the case file be closed.

                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated: July 28, 2009.